IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40084
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESUS H. RODRIGUEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
(C-97-CR-206-1)
_____

December 2, 1998

Before JOHNSON, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Jesus Rodriguez appeals his conviction for aiding and abetting the possession with intent to distribute marijuana and possession with intent to distribute marijuana. Rodriguez argues that the evidence is insufficient to support the jury's verdict.[1] Specifically, Rodriguez contends that (1) the government did not link him to marijuana found in a truck driven by his stepson, Ernesto Garcia ("Garcia"), and (2) he did

---

[*] Pursuant to 5th CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th CIR. R. 47.5.4.

[1] The defendant complied with FED. R. CRIM. PRO. 29(c) to preserve error on this point.

not knowingly possess marijuana found in a disabled truck in his yard.

In reviewing a claim of legal insufficiency, this Court must determine whether "a rational trier of fact could have found that the evidence establishes the essential elements of the offense beyond a reasonable doubt." United States v. El-Zoubi, 993 F.2d 442, 445 (5th Cir. 1993)(citations omitted). The evidence will be considered in the light most favorable to the government. See Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Bermea, 30 F.3d 1539, 1551 (5th Cir. 1994).

In this case, we find that the evidence was sufficient to support a reasonable juror's finding of guilt beyond a reasonable doubt on all of the essential elements of the charged offenses. A rational trier of fact could have found Rodriguez guilty of aiding and abetting the possession with the intent to distribute marijuana because he provided the vehicle and accompanied Garcia on the marijuana transportation trip. See United States v. Jaramillo, 42 F.3d 920, 923 (5th Cir. 1995). Further, the evidence was sufficient to support the verdict on the charge of possession with intent to distribute because a reasonable jury could have found that Rodriguez owned the property from which the marijuana was confiscated. Based on his ownership of the property, Rodriguez may be deemed to have possessed the marijuana. See United States v. Brito, 136 F.3d 397, 411 (5th Cir.), cert. denied, 118 S.Ct. 1817 (1998); United States v. Jones, 133 F.3d 358, 362 (5th Cir.), cert. denied, 118 S.Ct. 1854 (1998). Intent to distribute can be

2

inferred from the large amounts of marijuana found in the trucks.  <u>See</u> <u>Brito</u>, 136 F.3d at 411;  <u>United States v. Williams-Hentricks</u>, 805 F.2d 496, 502 (5th Cir. 1986).

AFFIRMED.